**E-Filed 12/29/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GABRIELA R. CARNERO, et al., | Case Number C 09-5330 JF (RS) |
| Plaintiffs, | AMENDED ORDER[1] GRANTING APPLICATION FOR ORDER RE *LIS PENDENS*[2] |
| v. | |
| WASHINGTON MUTUAL, et al., | |
| Defendants. | [re: document nos. 20, 21 ] |

On December 17, 2009, Plaintiffs filed a document entitled "APPLICATION FOR EX PARTE ORDER FOR HONORABLE JEREMY FOGEL TO GRANT NOTICE OF LIS PENDENS DUE TO THE DEFENDANTS [sic] PREDATORY LENDING ABUSES" ("Application," attached hereto).  In the body of the document, Plaintiffs request "an order to grant the Notice of Lis Pendens" pursuant to "California Code of Civil Procedure sections 484.510-484.530 and 165-167."  (Application at 1-2.)  The application pertains to the real

---

[1] This disposition is not designated for publication in the official reports.

[2] On December 23, 2009, the Court issued an Order Granting Application for Order Re Lis Pendens ("December 23rd Order").  This order merely amends the December 23rd Order to clarify the address of the real property to which the notice relates and to attach Plaintiffs' application to the order.

property located at 5645 Blossom Ave, San Jose, California, 95123.  No opposition was filed by Defendants.

None of the statues cited by Plaintiffs relates to the filing of a *lis pendens*.  California's *lis pendens* statutes appear at California Code of Civil Procedure § 405 *et seq*.  "A *lis pendens* provides constructive notice of the litigation, such that any judgment later obtained in the action relates back to the filing of the lis pendens." *Slintak v. Buckeye Retirement Co.*, 139 Cal. App. 4th 575, 586 (2006).  "A *lis pendens* clouds title until the litigation is resolved or the *lis pendens* is expunged, and any party acquiring an interest in the property after the action is filed will be bound by the judgment." *Id*. at 586-87.  "Even after judgment, a *lis pendens* remains effectively on the record unless a statutory ground for expungement is established." *Id*. at 587.

"A party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged."  Cal. Civ. Proc. Code § 405.20.  The notice of pendency of action may be signed by the attorney of record.  Cal. Civ. Proc. Code § 405.21.  Alternatively, a party may request approval of a notice of pendency of action by the judge of the court in which the action including the real property claim is pending.  *Id*.  "A notice of pendency of action shall not be recorded unless (a) it has been signed by the attorney of record, (b) it is signed by a party acting in propria persona and approved by a judge as provided in this section, or (c) the action is subject to Section 405.6." *Id*.

The instant case does include a real property claim, *see* Cal. Civ. Proc. Code § 405.4, and Plaintiffs, proceeding *pro se*, have submitted a proposed *lis pendens* that appears to describe the real property at issue, the real property located at 5645 Blossom Ave, San Jose, California, 95123.  California's *lis pendens* statutes apply to actions pending in the district courts in the same manner that they apply to actions pending the state courts.  Cal. Civ. Proc. Code § 405.5.  Accordingly, although Plaintiffs failed to cite the relevant code sections in their application, they have complied with the requirements of § 405.21.  The application for approval of the *lis pendens* will be granted.

Because of a history of abuse of the *lis pendens* statutes, California's *lis pendens* scheme provides a mechanism for expungement of *lis pendens* under certain circumstances.  *Formula*

1 | *Inc. v. Superior Court*, 168 Cal. App. 4th 1455, 1463-64 (2008).  "At any time after notice of
2 | pendency of action has been recorded, any party, or any nonparty with an interest in the real
3 | property affected thereby, may apply to the court in which the action is pending to expunge the
4 | notice."  Cal. Civ. Proc. Code § 405.30.  Among other grounds, "the court shall order that the
5 | notice be expunged if the court finds that the claimant has not established by a preponderance of
6 | the evidence the probable validity of the real property claim."  Cal. Civ. Proc. Code § 405.32.  In
7 | determining that Plaintiffs have complied with the procedural requirements for obtaining judicial
8 | approval of their proposed notice of pendency of action, this Court makes no determination as to
9 | whether the *lis pendens* may be subject to expungement for lack of probable validity of the real
10 | property claim, or on any other ground authorized by statute.

Accordingly, Plaintiffs' application for an order approving a notice of pendency of action with regard to the real property located at 5645 Blossom Ave, San Jose, California, 95123 is GRANTED.

DATED:  12/29/2009

_____
JEREMY FOGEL
United States District Judge

3

Case No. C 09-5330 JF (RS)
AMENDED ORDER GRANTING APPLICATION FOR ORDER RE *LIS PENDENS*
(JFLC3)

Copies of Order served on:

David C. Scott    dscott@mccarthyholthus.com

Glenn Harlan Wechsler    glenn@glennwechsler.com, larry@glennwechsler.com, linda@glennwechsler.com

Lawrence Daniel Harris    larry@glennwechsler.com

Matthew Edward Podmenik    lrodriguez@mccarthyholthus.com

Roshni V Patel    RPatel@mccarthyholthus.com

Seth Michael Harris    seharris@mccarthyholthus.com, civilefile@mccarthyholthus.com

Gabriela R Carnero
Jose R. Carnero
5645 Blossom Avenue
San Jose, CA 95123

1558 Minnesota Avenue 1/2, San Jose, CA 95125-4445

4

Case No. C 09-5330 JF (RS)
AMENDED ORDER GRANTING APPLICATION FOR ORDER RE *LIS PENDENS*
(JFLC3)