**E-Filed 12/30/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GABRIELA R. CARNERO, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>WASHINGTON MUTUAL (WAMU), et al.,<br><br>　　　　　　Defendants. | Case Number C 09-5330 JF (RS)<br><br>ORDER[1] DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER<br><br>Re: Docket No. 22 |

Plaintiffs, proceeding *pro se*, allege that Defendants failed to disclose important information about their mortgage in the clear and conspicuous manner required by law. Plaintiffs seek a temporary restraining order ("TRO") enjoining Defendants from selling, invading, trespassing, or soliciting the Plaintiffs' property located at 5645 Blossom Avenue, San Jose, California, 95123.

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Hawaii

---

[1] This disposition is not designated for publication in the official reports.

2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Roe*, 134 F.3d at 1402.

      A TRO may be issued without notice to the adverse party *only if* "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Moreover, in this district an applicant for a TRO must give notice to the adverse party "[u]nless relieved by order of a Judge for good cause shown, on or before the day of an *ex parte* motion for a temporary restraining order." Civ. L.R. 65(b)(1).

      It is unclear whether Plaintiffs have given notice of their application to all Defendants. Plaintiffs submit a declaration indicating their efforts to give notice to certain of the Defendants, but it appears that those efforts were last-minute and unsuccessful as to at least some of the Defendants. Plaintiffs did e-file their TRO application, which would result in notice to those Defendants who have appeared, but some Defendants have not appeared.

      Even if the Court were to assume that Plaintiffs have satisfied the notice requirement, Plaintiffs have failed to demonstrate the probability of irreparable injury absent immediate relief. Plaintiffs' TRO application suggests that they fear a trustee's sale of their property, but do not assert that such a sale has been scheduled or provide the date of any such sale. Even if the Court were to assume that such a sale is imminent, Plaintiffs offer no explanation why they could not have sought relief in a timely fashion instead of filing an emergency application just before the winter holidays. Plaintiffs would have had to receive notice of any sale some time ago;

1  accordingly, the "emergency" nature of their application appears to be of their own making.
2  Finally, Plaintiffs have failed to make a convincing showing that they are likely to succeed on the
3  merits of their claims. *See Roe*, 134 F.3d at 1402.

**ORDER**

Good cause therefor appearing, IT IS HEREBY ORDERED that Plaintiffs' application for a TRO is DENIED.

DATED:  December 30, 2009

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2  David C. Scott     dscott@mccarthyholthus.com

3  Glenn Harlan Wechsler     glenn@glennwechsler.com, larry@glennwechsler.com, linda@glennwechsler.com

4

5  Lawrence Daniel Harris     larry@glennwechsler.com

6  Matthew Edward Podmenik     lrodriguez@mccarthyholthus.com

7  Roshni V Patel     RPatel@mccarthyholthus.com

8  Seth Michael Harris     seharris@mccarthyholthus.com, civilefile@mccarthyholthus.com

9  Gabriela R. Carnero
   Jose R. Carnero
   5645 Blossom Avenue
10 San Jose, CA 95123

11 Gabriela R. Carnero
   Jose R. Carnero
12 1558 1/2 Minnesota Avenue
   San Jose, CA 95125

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 09-5330 JF (RS)
ORDER DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER
(JFLC2)