**E-Filed 3/22/2010**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GABRIELA R. CARNERO, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL, et al.,<br><br>    Defendants. | Case Number C 09-5330 JF (PVT)<br><br>ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND; DENYING MOTION FOR PRELIMINARY INJUNCTION; AND VACATING TEMPORARY RESTRAINING ORDER<br><br>[re: document nos. 6, 15, 29] |

Defendants JPMorgan Chase Bank, NA ("Chase") and Flagstar Bank, FSB ("Flagstar") move to dismiss Plaintiffs' complaint for failure to state a claim upon which relief may be granted. The Court has considered the moving and responding papers and the oral argument presented at the hearing on March 5, 2010. For the reasons discussed below, the motions to dismiss will be granted, with leave to amend.

Plaintiffs obtained a temporary restraining order ("TRO") in this action on January 6, 2010. Their motion for preliminary injunction was set for the same date and time as the motions to dismiss. For the reasons discussed below, the motion for preliminary injunction will be denied, and the TRO will be vacated.

Case No. C 09-5330 JF (PVT)
ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND ETC.
(JFLC2)

**E-Filed 3/22/2010**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GABRIELA R. CARNERO, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL, et al.,<br><br>    Defendants. | Case Number C 09-5330 JF (PVT)<br><br>ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND; DENYING MOTION FOR PRELIMINARY INJUNCTION; AND VACATING TEMPORARY RESTRAINING ORDER<br><br>[re: document nos. 6, 15, 29] |

Defendants JPMorgan Chase Bank, NA ("Chase") and Flagstar Bank, FSB ("Flagstar") move to dismiss Plaintiffs' complaint for failure to state a claim upon which relief may be granted. The Court has considered the moving and responding papers and the oral argument presented at the hearing on March 5, 2010. For the reasons discussed below, the motions to dismiss will be granted, with leave to amend.

Plaintiffs obtained a temporary restraining order ("TRO") in this action on January 6, 2010. Their motion for preliminary injunction was set for the same date and time as the motions to dismiss. For the reasons discussed below, the motion for preliminary injunction will be denied, and the TRO will be vacated.

Case No. C 09-5330 JF (PVT)
ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND ETC.
(JFLC2)

## I. BACKGROUND

On October 22, 2009, Plaintiffs Gabriela Carnero ("Gabriela") and Jose Carnero ("Jose"), brother and sister, filed the instant action in the Santa Clara Superior Court, alleging twenty-two claims arising out of a mortgage transaction entered into by Gabriela with respect to real property located at 5645 Blossom Avenue, San Jose, California. The fifty-three page complaint (excluding exhibits) is somewhat difficult to follow. Gabriela alleges that she purchased the Blossom Avenue property in 1999. Complt. ¶ 26. In 2007, Gabriela relied upon information presented to her by Defendant Randy Omoto ("Omoto"), a loan broker, in entering into two loans as part of a refinance transaction. *Id*. ¶ 27. Gabriela subsequently discovered that she did not need to refinance but should have obtained an home equity line of credit. *Id*. Omoto also persuaded Gabriela to refinance her home on other occasions in 2001 and 2003. *Id*. Omoto allegedly falsified Gabriela's loan applications by, *inter alia*, inflating her income, so that she would "qualify for a predatory loan." *Id*. Defendants have refused to honor Gabriela's attempt to rescind the loan. *Id*. ¶ 32. Defendants allegedly call and harass Gabriela. *Id*. ¶ 33. Defendants refuse to modify the loan. *Id*. ¶ 45.

On November 10, 2009, Defendant Chase removed the action to this Court on the basis of federal question jurisdiction. On January 6, 2010, the Court issued a TRO enjoining a trustee's sale that had been scheduled for January 7, 2010. The order stated as follows: "Given Plaintiffs' *pro se* status, their clarification regarding the imminence of the trustee's sale, their explanation as to the timing of their application for TRO, and the lack of opposition, the Court will issue a TRO effective until 5:00 p.m. on Friday, January 15, 2010, or until further order of the Court." Order of 1/6/2010 at 2. The Court had scheduled a hearing on Chase's motion to dismiss for January 15. The Court subsequently continued the hearing on Chase's motion so that it could be heard with Flagstar's motion to dismiss, and ordered that the status quo remain in effect pending disposition of Defendants' motions.

## II. MOTIONS TO DISMISS

**A.     Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed

2

against a defendant for failure to state a claim upon which relief may be granted against that defendant. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. *Papasan v. Allain,* 478 U.S. 265, 286 (1986); *see also McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir.1988). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. " *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).

**B. Analysis**

As an initial matter, the Court notes that Jose is named as a plaintiff in this action even though the complaint makes clear that Gabriela is the sole owner of the property in question. When questioned by the Court at the hearing, Jose indicated that the members of his family were fully supportive of each other, but he did not identify any legal interest that he holds in the property. The Court reminded Jose that he could not act as his sister's attorney. Jose will be dismissed as a named plaintiff.

Turning to the federal claims asserted in the complaint, Gabriela fails entirely to allege the roles of each defendant in the alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. Moreover, because Gabriela obtained the loans in 2007, her damages claims under TILA appear to be time-barred. *See* 15 U.S.C. § 1640(e) (one-year limitations period for damages claims); *see also King v. California*, 784 F.2d 910, 915 (9th Cir. 1986)

3

(damages claim begins to run when the transaction underlying the alleged violation is "consummated"). Gabriela states conclusorily that she is entitled to equitable tolling, but she does not allege any facts that would support tolling. With respect to her rescission claim, Gabriela has not alleged a present or future ability to tender the loan proceeds. *See Avina v. BNC Mortg.*, Case No. C 09-4710 JF (RS), 2009 WL 5215751, at *2-3 (N.D. Cal. Dec. 29, 2009) (explaining this Court's rationale for requiring a plaintiff to allege an ability to tender before permitting the plaintiff to pursue a TILA rescission claim). Gabriela appears to be attempting to assert claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607 as well, but her claims under that statute are equally deficient.

Unless and until Gabriela alleges a viable claim under federal law, the Court will decline to address her state law claims. Given Gabriela's *pro se* status and the fact that the operative complaint is her original pleading, the Court will afford Gabriela an opportunity to amend to cure the pleading deficiencies noted in this order. Any amended complaint should allege precisely what role each defendant played in the loan transactions at issue, and how each defendant's actions violated particular provisions of TILA and/or RESPA.

### III. INJUNCTIVE RELIEF

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 376 (2008). A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Indep. Living Ctr. of S. Cal., Inc. v. Maxwell-Jolly*, 572 F.3d 644, 651 (9th Cir. 2009) (quoting *Winter*, 129 S.Ct. at 374). The issuance of a preliminary injunction is committed to the discretion of the District Court. *Id*. "To the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (footnote omitted).

The TRO issued by the Court on January 6 was issued on an emergency basis and without opposition from Defendants. Now that the Court has had an opportunity to review Gabriela's

complaint carefully, and particularly in light of the potentially dispositive legal arguments raised by Defendants, the Court concludes that Gabriela has failed to demonstrate that she is likely to succeed on the merits, that the balance of equities tips in her favor, or that an injunction is in the public interest. Accordingly, her motion for a preliminary injunction will be denied. The TRO will be vacated.

## IV. ORDER

(1)    Defendants' motions to dismiss are GRANTED WITH LEAVE TO AMEND;

(2)    Plaintiff's motion for a preliminary injunction is DENIED; and

(3)    the TRO issued on January 6, 2010 is VACATED.

DATED: March 22, 2010

_____
JEREMY FOGEL
United States District Judge

1 | Copies of Order served on:

3 | David C. Scott     dscott@mccarthyholthus.com

4 | Glenn Harlan Wechsler     glenn@glennwechsler.com, larry@glennwechsler.com, linda@glennwechsler.com

5 | Lawrence Daniel Harris     larry@glennwechsler.com

6 | Matthew Edward Podmenik     lrodriguez@mccarthyholthus.com

7 | Roshni V Patel     RPatel@mccarthyholthus.com

8 | Seth Michael Harris     seharris@mccarthyholthus.com, civilefile@mccarthyholthus.com

10 | Gabriela R Carnero
Jose R. Carnero
5645 Blossom Avenue
San Jose, CA 95123

12 | Gabriela R Carnero
Jose R. Carnero
1558 Minnesota Avenue 1/2
San Jose, CA 95125-4445