**E-Filed 7/22/2010**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GABRIELA R. CARNERO,<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON MUTUAL, et al.,<br><br>    Defendants. | Case Number C 09-5330 JF (PVT)<br><br>ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND<br><br>[re: document nos. 53, 57] |

Defendants JPMorgan Chase Bank, NA ("JPMorgan") and Flagstar Bank, FSB ("Flagstar") move to dismiss Plaintiff's first amended complaint ("FAC") for failure to state a claim upon which relief may be granted. The Court has considered the moving and responding papers and the oral argument presented at the hearing on July 16, 2010. For the reasons discussed below, the motions to dismiss will be granted, with leave to amend.

**I. BACKGROUND**

On October 22, 2009, Plaintiff Gabriela Carnero ("Gabriela") and her brother Jose Carnero ("Jose") filed the instant action in the Santa Clara Superior Court, alleging twenty-two claims arising out of mortgage transactions entered into by Gabriela with respect to real property located at 5645 Blossom Avenue, San Jose, California ("the Blossom property"). On November

10, 2009, Defendant JPMorgan removed the action to this Court on the basis of federal question jurisdiction. On March 22, 2010, this Court issued an order dismissing the complaint with leave to amend. The Court concluded that: Jose was not a proper party plaintiff because he did not possess any legal interest in the Blossom property; Gabriela's damages claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, were time-barred; Gabriela's rescission claim under TILA were deficient because she had not alleged a present or future ability to tender the loan proceeds; and Gabriela's claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, also were deficient. The Court declined to address Gabriela's state law claims unless and until she pleads a viable federal claim.

Gabriela's FAC, filed April 22, 2010, alleges twenty-three claims for violation of federal and state law. The only federal claims are for violations of TILA (first and twentieth claims). The body of the first claim also references the Home Ownership and Equity Protection Act of 1994 ("HOEPA"), 15 U.S.C. § 1693; it is not clear whether Gabriela is asserting a HOEPA claim, because HOEPA is not mentioned in the caption of the first claim or of any other claim.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. *Papasan v. Allain,* 478 U.S. 265, 286 (1986); *see also McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

*v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. " *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).

### III. DISCUSSION

**A.   Missing Exhibits And References To Original Complaint**

The FAC makes numerous references to exhibits that are not attached to the FAC, and several times directs the reader to the original complaint for background or clarification on some point. This manner of pleading is not permitted. An amended complaint must be a complete document in and of itself, and may not refer the reader to exhibits or allegations contained in an earlier version of the pleading. *See* Civ. L.R. 10-1 ("Any party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference."); *see also Loux v. Rhay*, 375 F.3d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent").

**B.   Federal Claims**

In its order dismissing the original complaint, the Court directed Gabriela to omit Jose as a party plaintiff and to clarify the facts giving rise to her claims. Jose in fact has been omitted from the caption of the FAC, and Gabriela clearly has attempted to provide more details with respect to her claims. However, the Court concludes that she still has not alleged facts sufficient to state a claim under TILA or HOEPA.

The FAC clarifies that Gabriela's claims arise from three separate refinance transactions completed on December 4, 2001, November 6, 2003, and April 11, 2007. Setting aside for the moment the question of whether Gabriela received all the disclosures to which she was entitled in connection with those transactions, her TILA and HOEPA claims appear to be time-barred on their face.

The statute of limitations for claims under HOEPA and for damages claims under TILA is one year. *See* 15 U.S.C. § 1640(e); *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1008 (N.D. Cal. 2009) (citing *In re Community Bank of Northern Va.*, 418 F.3d 277, 304-

05 (3d Cir. 2005)). Ordinarily, the one-year limitations period begins to run when the transaction underlying the violation is "consummated." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Gabriela's claims against Flagstar appear to relate to the 2003 loan, while her claims against JPMorgan appear to relate to the 2007 loan. She did not file the instant action until October 2009; accordingly, her claims under HOEPA and her damages claims under TILA are time-barred.

"[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King*, 784 F.2d at 915. The district court must evaluate a request for equitable tolling to determine if application of the one-year limitations period "would be unjust or frustrate the purpose of the Act." *Id*. The FAC alleges generally that Gabriela is unsophisticated and speaks English as a second language, and more specifically that her loan broker, Randy Omoto, "doctored" her loan applications by inflating her income and forging her signature. However, the FAC does not explain why Mr. Omoto's alleged wrongdoing should be attributed to Flagstar or JPMorgan. Nor does the FAC allege when Gabriela discovered the fraud or nondisclosures at issue, why she did not discover such fraud or nondisclosures earlier, or how application of the one-year limitations period would be unjust or frustrate the purposes of TILA.

With respect to Gabriela's rescission claims, it appears that the Flagstar 2003 loan was paid in full by subsequent refinancing. Payment of a loan in full by refinancing extinguishes a TILA rescission claim. *King*, 784 F.2d at 913. With respect to the JPMorgan 2007 loan, it is not clear whether there has been a foreclosure sale. The sale of the property extinguishes any rescission claim. 15 U.S.C. 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor"); *see also Distor v. U.S. Bank*, No. C 09-02086 SI, 2009 WL 3429700, at *3 (N.D. Cal. Oct. 22, 2009) ("Because the property has been sold, plaintiff's rescission claim must necessarily fail, even

though the sale was an involuntary foreclosure sale.") (collecting cases).

To the extent that Gabriela's right of rescission with respect to the JPMorgan 2007 loan has not been extinguished, this Court has held that a plaintiff seeking rescission under TILA must allege a present or future ability to tender the loan proceeds. *See Powell v. Residential Mortg. Capital*, C 09-4928 JF (PVT), 2010 WL 2133011, at *4-5 (N.D. Cal. May 24, 2010) (explaining this Court's rationale for requiring a plaintiff to allege an ability to tender before permitting the plaintiff to pursue a TILA rescission claim). Gabriela has not alleged that she has the present ability to tender the loan proceeds or that she reasonably expects to be able to make such tender in the near future. To the contrary, she requests that Defendants release any security interest they have in the Blossom property and return to her any monies she has paid in connection with the loan. FAC ¶ 77. Gabriela "demands to void the contract, that is, the Plaintiff terminates the contract with Defendants and owes nothing." FAC ¶ 53. The FAC does not identify any legal basis for such relief, particularly under federal law.

**C.     State Law Claims**

Unless and until Gabriela states a viable federal claim, this Court declines to exercise supplemental jurisdiction over her state law claims. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805-06 (9th Cir. 2001).

**D.     Leave To Amend**

Gabriela has had two opportunities to allege a viable claim against these Defendants and has failed to do so. Defendants request that the FAC be dismissed without leave to amend. Given Gabriela's *pro se* status and limited familiarity with English, the Court will afford Gabriela a final opportunity to cure the pleading deficiencies noted herein and in the prior order.

While the Court cannot constrain Gabriela from filing another lengthy pleading -- the FAC is fifty-two pages long excluding exhibits -- the Court strongly suggests that she limit any amended complaint to approximately ten or twelve pages. Federal Rule of Civil Procedure 8 requires that for each claim asserted, the plaintiff must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). It would be helpful to the Court if

Gabriela were to describe the circumstances surrounding the loans at issue in simple, straightforward language. Gabriela's numerous general allegations regarding the mortgage industry are not useful and add nothing to her claims.

It is important that Gabriela explain precisely what role each defendant played in the loan transactions at issue, and how each defendant's actions violated particular provisions of TILA. The Court notes that although Flagstar is mentioned in the body of the FAC, neither the TILA claims nor any of the other claims in the FAC are directed against Flagstar. Because Gabriela's damages claims under TILA are time-barred on their face, Gabriela must explain why the equitable tolling doctrine applies to those claims. To the extent that Gabriela seeks rescission of the 2007 transaction, she must allege that she has the present or future ability to tender all of the loan proceeds. As discussed above, any amended complaint must be complete in and of itself, meaning that it should not refer to prior pleadings and that all exhibits referenced in the amended complaint shall be attached thereto. If Gabriela once again fails to allege a viable federal claim, the Court will dismiss the federal claims without leave to amend and remand her remaining claims to the state court.

## IV.  ORDER

(1)     Defendants' motions to dismiss are GRANTED, WITH LEAVE TO AMEND;

(2)     Any amended complaint shall be filed on or before August 23, 2010.

DATED: July 22, 2010



_____
JEREMY FOGEL
United States District Judge

| | |
|---|---|
| 1 | Copies of Order served on: |
| 2 | |
| 3 | David C. Scott      dscott@mccarthyholthus.com |
| 4 | Glenn Harlan Wechsler     glenn@glennwechsler.com, larry@glennwechsler.com, linda@glennwechsler.com |
| 5 | |
| 6 | Lawrence Daniel Harris     larry@glennwechsler.com |
| 7 | Matthew Edward Podmenik     lrodriguez@mccarthyholthus.com |
| 8 | Roshni V Patel     RPatel@mccarthyholthus.com |
| 9 | Seth Michael Harris     seharris@mccarthyholthus.com, civilefile@mccarthyholthus.com |
| 10 | Gabriela R Carnero<br>5645 Blossom Avenue<br>San Jose, CA 95123 |
| 11 | |
| 12 | Gabriela R Carnero<br>1558 Minnesota Avenue ½<br>San Jose, CA 95125-4445 |
| 13 | |
| ... | |
| 28 | |

Case No. C 09-5330 JF (PVT)
ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND
(JFLC2)