1

2          **E-Filed 11/22/2010**

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10         **SAN JOSE DIVISION**

11

12   GABRIELA R. CARNERO,                    Case Number C 09-5330 JF (PVT)

13                    Plaintiff,             ORDER GRANTING MOTIONS TO
                                             DISMISS SECOND AMENDED
14          v.                               COMPLAINT WITHOUT LEAVE TO
                                             AMEND AND DISMISSING ACTION
15   WASHINGTON MUTUAL, et al.,
                                             [re:  document nos. 82, 83]
16                    Defendants.

17

18

19

20          Before the Court are two motions to dismiss the operative second amended complaint

21   ("SAC") of *pro se* Plaintiff Gabriela Carnero:  a motion brought by Defendants JPMorgan Chase

22   Bank, NA ("JPMorgan")[1] and Mortgage Electronic Registration Systems, Inc. ("MERS"), and a

23   motion brought by Defendant Flagstar Bank, FSB ("Flagstar").  The Court has considered the

24   moving and responding papers and the oral argument presented at the hearing on November 19,

25   2010.  For the reasons discussed below, the motions to dismiss will be granted without leave to

26   amend and the action will be dismissed.

27   _____

28          [1] JPMorgan acquired the assets of Washington Mutual Bank, erroneously sued herein as
     "Washington Mutual (WAMU) Chase Bank."

1

## I. BACKGROUND

2       On October 22, 2009, Plaintiff Gabriela Carnero ("Gabriela") and her brother Jose

3   Carnero ("Jose") filed the instant action in the Santa Clara Superior Court, alleging twenty-two

4   claims arising out of mortgage transactions secured by real property located at 5645 Blossom

5   Avenue, San Jose, California ("the Blossom property").  On November 10, 2009, Defendant

6   JPMorgan removed the action to this Court on the basis of federal question jurisdiction, as the

7   complaint alleged claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. in

8   addition to numerous state law claims.  The Court dismissed the complaint and first amended

9   complaint ("FAC") for failure to state a claim.  *See* Fed. R. Civ. P. 12(b)(6).  Gabriela filed the

10  operative SAC on August 23, 2010.

11

## II. LEGAL STANDARD

12      Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for

13  failure to state a claim upon which relief may be granted.  "Dismissal can be based on the lack of

14  a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

15  theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  For purposes of

16  evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint

17  to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of*

18  *Los Angeles*,  828 F.2d 556, 561 (9th Cir. 1987).

19      However, mere conclusions couched as factual allegations are not sufficient to state a

20  claim. *Papasan v. Allain,* 478 U.S. 265, 286 (1986); *see also McGlinchy v. Shell Chem. Co.,* 845

21  F.2d 802, 810 (9th Cir. 1988).  The complaint must plead "enough facts to state a claim to relief

22  that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  A claim is

23  plausible on its face "when the plaintiff pleads factual content that allows the court to draw the

24  reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

25  129 S.Ct. 1937, 1949 (2009).  Thus, "for a complaint to survive a motion to dismiss, the non-

26  conclusory 'factual content,' and reasonable inferences from that content, must be plausibly

27  suggestive of a claim entitling the plaintiff to relief. " *Moss v. U.S. Secret Serv.,* 572 F.3d 962,

28  969 (9th Cir. 2009).

2

**III. DISCUSSION**

In its order dismissing the original complaint, the Court directed Gabriela to omit Jose as a party plaintiff and to clarify the facts giving rise to her claims. In its subsequent order dismissing the FAC, the Court noted that Gabriela had omitted Jose from the caption and had attempted to provide more details with respect to her claims. However, the Court concluded that Gabriela still had not stated a viable federal claim because: the FAC made numerous references to exhibits that were not attached to the FAC; the FAC directed the reader to the original complaint for background or clarification in violation of Civil Local Rule 10-1 (providing that "[a]ny party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference"); Gabriela's damages claims under TILA were time-barred on their face[2]; and Gabriela's rescission claims under TILA were insufficient because, *inter alia*, she had not alleged an ability to tender the loan proceeds. Order of July 22, 2010 at pp. 3-5. The Court granted Gabriela a final opportunity to amend her pleading, and strongly suggested that she limit any amended complaint to approximately ten or twelve pages consistent with Federal Rule of Civil Procedure 8, which directs a plaintiff to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and requires that "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). *Id*. at p. 5. The Court went on to state that:

> It is important that Gabriela explain precisely what role each defendant played in the loan transactions at issue, and how each defendant's actions violated particular provisions of TILA. The Court notes that although Flagstar is mentioned in the body of the FAC, neither the TILA claims nor any of the other claims in the FAC are directed against Flagstar. Because Gabriela's damages claims under TILA are time-barred on their face, Gabriela must explain why the equitable tolling doctrine applies to those claims. To the extent that Gabriela seeks rescission of the 2007 transaction, she must allege that she has the present or future ability to tender all of the loan proceeds.

*Id*. at p. 6. The Court cautioned that "[i]f Gabriela once again fails to allege a viable federal claim, the Court will dismiss the federal claims without leave to amend and remand her

---

[2] The Court noted that it was unclear whether Gabriela was attempting to plead a claim under the Home Ownership and Equity Protection Act of 1994 ("HOEPA"), 15 U.S.C. § 1693, but stated that the statute of limitations for both TILA and HOEPA is one year.

3

1  remaining claims to the state court."

2  The SAC omits all of the previously pled state law claims – it sets forth only two claims,

3  the first asserted under TILA, HOEPA, and the Real Estate Settlement Procedures Act

4  ("RESPA"), 12 U.S.C. § 2607, and the second asserted under TILA.  Both claims suffer from

5  numerous deficiencies.

6  Gabriela alleges that Randy Omoto, a loan broker, convinced her to refinance the

7  Blossom property – her primary residence – three times, once in 2001, once in 2003, and once in

8  2007.  SAC pp. 1-5.[3]  She alleges that all three transactions were unnecessary, and that her needs

9  would have been served better by obtaining a line of credit.  SAC pp. 2-3.  She asserts

10  conclusorily that Omoto, JPMorgan, Flagstar, and others "committed fraudulent acts" in the

11  course of the three transactions.  SAC p. 2.  She similarly alleges that Omoto and Flagstar

12  "forced Gabriela under undue influence into getting another refinance rather than an equity line

13  of credit."  SAC p. 5.  These and similar allegations set forth in the SAC are insufficiently

14  particular to state a claim for relief under TILA, HOEPA, or RESPA.

15  Moreover, the statute of limitations for damages claims under TILA is one year.  *See* 15

16  U.S.C. § 1640(e); *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1008 (N.D.

17  Cal. 2009) (citing *In re Community Bank of Northern Va.*, 418 F.3d 277, 304-05 (3d Cir. 2005)).

18  Ordinarily, the one-year limitations period begins to run when the transaction underlying the

19  violation is "consummated."  *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).  Gabriela's

20  claims against Flagstar appear to relate to the 2003 loan, while her claims against JPMorgan

21  appear to relate to the 2007 loan.  She did not file the instant action until October 2009;

22  accordingly, her damages claims under TILA are time-barred.

23  "[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the

24  limitations period until the borrower discovers or had reasonable opportunity to discover the

25  fraud or nondisclosures that form the basis of the TILA action."  *King*, 784 F.2d at 915.  The

26

27  [3] Normally the Court would cite to the specific paragraphs of the SAC containing the referenced allegations.  However, the paragraphs of the SAC are not numbered consecutively; there are multiples of several of the paragraph numbers.  Accordingly, the Court will refer to page numbers rather than paragraph numbers.

28

1   district court must evaluate a request for equitable tolling to determine if application of the one-

2   year limitations period "would be unjust or frustrate the purpose of the Act." *Id*.  Gabriela

3   invokes the doctrine of equitable tolling on the grounds that "she is unsophisticated in the loan

4   transactions and her English is her second language, and she thought that the defendants were

5   acting in good faith." SAC p. 3.  She also asserts that "[i]n addition the court must grant

6   Gabriela equitable tolling because the enrichment of Randy Omoto through unnecessary

7   refinances has been awarded through the lenders but these awards were in turn paid by Gabriela

8   through the loans that Gabriela obtained since 2001 to 2003 with Flagstar, and with WAMU

9   since 2007." SAC p. 3.  These allegations are insufficient to warrant application of the doctrine.

10      It appears that Gabriela's claim for rescission under TILA may have been extinguished by

11  subsequent refinancing with respect to the 2003 Flagstar loan, *see King*, 784 F.2d at 913

12  (payment of a loan in full by refinancing extinguishes a TILA rescission claim), and by a

13  foreclosure sale with respect to the JPMorgan 2007 loan, *see* 15 U.S.C. § 1635(f) (right of

14  rescission is extinguished by sale of the property).  To the extent that any right of rescission has

15  not been extinguished, this Court has held that a plaintiff seeking rescission under TILA must

16  allege a present or future ability to tender the loan proceeds. *See Powell v. Residential Mortg.*

17  *Capital*, C 09-4928 JF (PVT), 2010 WL 2133011, at *4-5 (N.D. Cal. May 24, 2010) (explaining

18  this Court's rationale for requiring a plaintiff to allege an ability to tender before permitting the

19  plaintiff to pursue a TILA rescission claim).  Gabriela has not alleged that she has the present

20  ability to tender the loan proceeds or that she reasonably expects to be able to make such tender

21  in the near future.

22      The bases for Gabriela's HOEPA and RESPA claims are not clear from the SAC.

23  However, claims under both statutes are subject to a one-year limitations period, *see Consumer*

24  *Solutions*, 658 F. Supp. 2d at 1008 (HOEPA), *see Santos v. U.S. Bank*, 716 F. Supp. 2d 970, 978

25  (E.D. Cal. 2010) (RESPA).  Accordingly, it appears that any such claims likely would be time-

26  barred.

27

28

Case No. C 09-5330 JF (PVT)
ORDER GRANTING MOTIONS TO DISMISS SAC WITHOUT LEAVE TO AMEND AND DISMISSING ACTION
(JFLC2)

Because Gabriela has failed to cure these and other deficiencies in her pleading[4] despite being granted several opportunities to do so, her claims against the moving defendants will be dismissed without leave to amend and with prejudice.  In addition to JPMorgan, MERS, and Flagstar, Gabriela sues Randy Omoto, doing business as Silicon Valley Capital Funding, Alliance Title, Quality Loan Service Corporation, and Chase Home Financial.  There is no indication in the record that service of process has been effected with respect to any of these additional defendants.[5]  Accordingly, Gabriela's claims against these defendants will be dismissed without prejudice for failure to prosecute.

## IV. ORDER

(1)     Defendants' motions to dismiss are GRANTED WITHOUT LEAVE TO AMEND;

(2)     All claims against the moving defendants are DISMISSED WITH PREJUDICE;

(3)     All claims against the remaining defendants are DISMISSED WITHOUT PREJUDICE; and

(4)     The Clerk of the Court shall close the file.

DATED:  November 22, 2010

_____
JEREMY FOGEL
United States District Judge

---

[4] Defendants raise numerous additional grounds for dismissal in their motions, all of which appear to be well-taken.  However, the Court need not reach these arguments in light of its disposition of the motions on the grounds discussed above.

[5] Although the record does not contain a proof of service of the summons and complaint upon it, Defendant Quality Loan Service Corporation filed a Declaration Of Nonmonetary Status pursuant to California Civil Code § 2924, which Gabriela has not disputed.

Case No. C 09-5330 JF (PVT)
ORDER GRANTING MOTIONS TO DISMISS SAC WITHOUT LEAVE TO AMEND AND DISMISSING ACTION
(JFLC2)

1   Copies of Order served on:

2

3   Alyson Marie Dudkowski adudkowski@mccarthyholthus.com

4   David C. Scott dscott@mccarthyholthus.com, hramirez@mccarthyholthus.com

5   Glenn Harlan Wechsler glenn@glennwechsler.com, larry@glennwechsler.com

6   Lawrence Daniel Harris larry@glennwechsler.com

7   Matthew Edward Podmenik lrodriguez@mccarthyholthus.com

8   Roshni V Patel RPatel@mccarthyholthus.com, jdiaz@mccarthyholthus.com

9   Seth Michael Harris seharris@mccarthyholthus.com, civilefile@mccarthyholthus.com,
    sfies@mccarthyholthus.com
10

11  Gabriela R Carnero
    5645 Blossom Avenue
12  San Jose, CA 95123

13  Gabriela R Carnero
    1558 Minnesota Avenue ½
14  San Jose, CA 95125-4445

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 09-5330 JF (PVT)
ORDER GRANTING MOTIONS TO DISMISS SAC WITHOUT LEAVE TO AMEND AND DISMISSING ACTION
(JFLC2)